No. 2327.—C. F. BERENS *v.* J. MARISTANY, JR., et al.

In an action for the recovery of rent the burden falls on the lessee of showing that the notary who drew the lease made an error in computing the rent

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. E. Bermudez,* for plaintiff and appellee. *Hornor & Benedict,* for defendants and appellants.

WYLY, J. The defendants have appealed from a judgment against them for the rent of the building No. 202 New Levee street.

The defense is that the notary committed an error in drawing the contract of lease; that the price of rent was $35 per month, and not $90 as stated in the act; that in the same act the defendant Maristany rented Nos. 198, 200 and 202 New Levee street from James Hill, from whom the plaintiff derived title; that the real intention and contract

Berens v. Maristany, Jr., et al.

was that for rent of the three buildings he was to pay $125 per month, the price of rent of buildings No. 198 and No. 200 being at $90 per month, and the building No. 202 at $35 per month.

Referring to the act of lease we find that James Hill, the former owner, leased to the defendant, J. Maristany, Jr., the three buildings as stated for the term of two years, "the condition of this lease being that said purchaser shall pay for No. 202 the monthly rent of $90 to him the said Hill, and for Nos. 198 and 200 the said purchaser shall pay the sheriff the monthly rent of $35, and when said building shall return to the possession of said Hill out of the custody of the sheriff, then for the term of two years from such date the purchaser hereby agrees to pay the monthly rent of $125, with the privilege of releasing the same at the same rate for two years more," etc. It appears that Hill, the lessor, never recovered the possession of the two buildings, as was anticipated. The defendants, however, were permitted by the sheriff to occupy them. After long detention in the hands of the sheriff, the premises Nos. 198 and 200 were sold under execution against said Hill. It also appears that building No. 202 was subsequently purchased by the plaintiff, in satisfaction of his judgment against the said Hill.

Subsequent to the contract of lease, the lessor, Hill, and the lessee, Maristany, entered into an agreement in writing, which private act was offered by the defendants in evidence. This instrument states in substance that it is well understood that should the sheriff demand an increase of rent for Nos. 198 and 200, said increase is to be deducted from the rent agreed to be paid for the premises known as No. 202 New Levee street; and should he remove the lessee from possession of said buildings, then the latter was to be held no longer liable for rent of No. 202, nor would he be required to hold possession thereof.

This accounts for the defendants paying the sheriff rent at $90 per month for premises Nos. 198 and 200, instead of the amount stated in the lease. They had the consent of the lessor to pay such extra price as the sheriff might require for rent of these two buildings, and the excess to be deducted from the price agreed to be paid for building No. 202. Besides, this private act must have been drawn in reference to the precise amounts stated in the lease to be paid to the sheriff for Nos. 198 and 200, and to be paid to the lessor for No. 202. Now, if the notary made a mistake and reversed the amounts to be paid the sheriff and the lessor respectively, why did not the parties correct this error when they subsequently drew the private act? Indeed, from the evidence we are satisfied that the notary made no mistake.

We see no error in the judgment.

Judgment affirmed.

Rehearing refused.